IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO ZAMUDIO AND VICKI ZAMUDIO, | § § § § § § § § § § § | |
| PLAINTIFFS | | |
| VS. | | CIVIL ACTION NO: 3:23-cv-131 |
| PRAETORIAN INSURANCE COMPANY, | | |
| DEFENDANT | | |

## NOTICE OF REMOVAL OF DEFENDANT PRAETORIAN INSURANCE COMPANY

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Praetorian Insurance Company ("Defendant") files this Notice of Removal, removing Cause No. 122154-CV from the 239th District Court of Brazoria County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, based on diversity of citizenship. In support of this Notice of Removal, Defendant states:

### I. INTRODUCTION

1.  Removal of this case is proper because the Court has original jurisdiction over this matter according to 28 U.S.C. § 1332. Specifically, the amount in controversy exceeds $75,000.00, and the citizenship of Plaintiffs are diverse from Defendant.

### II. PARTIES

2.  Plaintiffs are individuals residing and domiciled in Trinity, North Carolina.[1] Plaintiffs' residence address is 6669 Jennifer Lynne Drive, Trinity, North Carolina 27370

---

[1] APP 024.

("Residence").[2]  Therefore, Plaintiffs are North Carolina residents, domiciled in North Carolina, and are therefore citizens of North Carolina. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

3. Defendant Praetorian Insurance Company is a Pennsylvania corporation[3] with its principal place of business at 55 Water Street, New York City, New York 10041.[4]  Accordingly, Defendant is not a citizen of the State of North Carolina for purposes of diversity of citizenship. *See* 28 U.S.C. 1332(c)(1).

### III. PROCEDURAL HISTORY

4. On March 23, 2023, Plaintiffs filed and commenced Cause No. 122154-CV, *Alejandro Zamudio and Vicki Zamudio v. Praetorian Insurance Company* in the 239th District Court of Brazoria County, Texas ("State Court Lawsuit").[5]

5. Defendant's registered agent for service of process, CT Corporation, was served by Process Server on April 7, 2023.[6]  Defendant files this Notice of Removal within thirty days after service of the State Court Lawsuit, therefore, this removal is timely.  28 U.S.C. § 1446(b).  This Notice of Removal is also filed within one year of the commencement of this action.  28 U.S.C. § 1446(c).

### IV. FACTUAL BACKGROUND

6. Plaintiffs sued Defendant alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Tex. Ins. Code §§ 541.151, 541.060, 542.055, 542.056, and 542.058.[7]  The Policy at issue is Policy No. PHP3341682, issued to Plaintiffs by Defendant.

---

[2] *Id*.
[3] APP 023.
[4] *Id*.
[5] APP 005-APP 016.
[6] APP 019.
[7] APP 011-APP 014, ¶32-48.

7. In the Petition, Plaintiffs pray for economic damages, additional damages of up to three (3) times the sum of actual damages suffered under Tex. Ins. Code § 541.152, statutory interest provided under Tex. Ins. Code 542.060, compensatory damages, including all forms of loss such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.[8]  Plaintiffs also seek an award of attorneys' fees.[9]

### V. BASIS FOR REMOVAL

8. Defendant is entitled to remove any action filed in state court over which a federal court has original jurisdiction. 28 U.S.C. § 1441.  The two principal bases by which federal courts obtain original jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  Removal is proper in this case because the Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity among the parties and an amount in controversy that exceeds $75,000.00.  28 U.S.C. § 1332.  As outlined above, Plaintiffs are citizens of North Carolina and Defendant is a citizen of Pennsylvania and New York.  The parties are diverse.

9. The second requirement of diversity jurisdiction is that the amount in controversy exceeds $75,000.00. A defendant may perfect a notice of removal based on allegations in the pleadings or facts in the notice. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 n.6 (5th Cir. 1992).  The Court may also consider evidence relevant at the time Plaintiffs filed the State Court Action.  *See St. Paul Reinsurance Company, Ltd. v. Greenberg*, 34 F.3d 1250, 1254 (5th Cir. 1998).

---

[8] APP 014-APP 015, ¶50-56.
[9] *Id*.

10. Plaintiffs' petition states that they are seeking "monetary relief between $250,000 and $1,000,000, *excluding* interest, statutory or punitive damages and penalties, and attorneys' fees and costs."[10] Additionally, Plaintiffs also request trebling of their actual damages, compensatory damages, including all forms of loss such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress, and attorneys' fees.[11] Potential exemplary damages and attorneys' fees are also to be considered when calculating the amount in controversy. *Id.* at 1253. Taken cumulatively, Plaintiffs' claimed damages plainly exceed the threshold limit of $75,000.00 and demonstrate that the amount in controversy requirement is met in this case.

## VI. VENUE

11. Venue lies in the Southern District of Texas, Galveston Division, under 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs filed the State Court Lawsuit in this judicial district and division.

## VII. NOTICE TO STATE COURT

12. Defendant will file with the clerk of the State Court Lawsuit, and will serve upon Plaintiffs, a notice of the filing of this Notice of Removal.

## VIII. EXHIBITS TO NOTICE OF REMOVAL

13. In compliance with 28 U.S.C. § 1446(a) and LR81, the following exhibits are attached hereto:

    A. All executed process in the case (App 017-App 020);

    B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings:

        a. Plaintiffs' Original Petition (App 005-App 016);

---

[10] APP 006, ¶4 [emphasis added].
[11] APP 014-APP 015, ¶50-56.

    C.  All orders signed by the state court judge;

    D.  The state court docket sheet (App 003);

    E.  An index of matters being filed (App 021); and

    F.  A list of all counsel of record, including addresses, telephone numbers and parties represented (App 022).

## CONCLUSION

14. The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiffs and Defendant, and (2) the value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Consequently, Defendant may remove this action under 28 U.S.C. § 1441.

15. WHEREFORE, Defendant hereby removes the State Court Lawsuit to the United States District Court for the Southern District of Texas, Galveston Division.

Dated: April 28, 2023

Respectfully submitted,

*/s/ Carter L. Ferguson*
Carter L. Ferguson, Attorney-in-Charge
State Bar No. 06909500
Federal I.D. No. 33538
cferguson@belaw.com
Jerrod L. Rinehart
State Bar No. 24060494
Fed. ID Number 908847
jrinehart@belaw.com
Logan D. Cochran
State Bar No. 24105615
Federal I.D. No. 3745632
lcochran@belaw.com

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, Texas 76102-3090
Telephone: (817) 339-2480

**ATTORNEYS FOR DEFENDANT
PRAETORIAN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all parties and counsel of record, pursuant to the Federal Rules of Civil Procedure, addressed as follows:

Ian P. Cloud                                              **Via Electronic Filing**
icloud@robinscloud.com
Saima Khan
skhan@robinscloud.com
ROBINS CLOUD LLP
2000 West Loop South, 22nd Floor
Houston, TX 77027

**ATTORNEYS FOR PLAINTIFFS**

DATED this April 28, 2023.

*/s/ Carter L. Ferguson*
Carter L. Ferguson

1544977-v1/15915-039000